J-S21033-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| L.D.G | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.L.W AND J.L.G | : | |
| | : | |
| | : | |
| APPEAL OF: T.L.W. | : | No. 68 WDA 2020 |

Appeal from the Order Entered December 10, 2019
In the Court of Common Pleas of Greene County Civil Division at No(s):
AD-611-2019

BEFORE: LAZARUS, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:           FILED NOVEMBER 19, 2020

T.L.W. ("Mother") appeals from the December 10, 2019, Order sustaining her Preliminary Objections, and dismissing the Custody Complaint filed by L.D.G. ("Paternal Grandmother"), against Mother and J.L.G. ("Father"), seeking partial custody/visitation of Mother's and Father's child, C.W. ("Child") (a female born in May 2016) under the Child Custody Act, ("the Act"), 23 Pa.C.S.A. §§ 5321-5340. We dismiss the appeal.

On July 26, 2019, Paternal Grandmother filed a Complaint for Partial Custody/Visitation, alleging that she stood in loco parentis to Child, based on Child having resided with her from October 2016 to January 2018. On August 27, 2019, Mother filed Preliminary Objections, arguing that (1) Paternal Grandmother's counsel, Harry J. Cancelmi, Esquire, should be disqualified from representing Paternal Grandmother in the custody case against Mother,

because he was Mother's former criminal counsel as a public defender; (2) Paternal Grandmother did not properly serve her with the Complaint; and (3) Paternal Grandmother lacked standing to file the Complaint under the Act. On December 10, 2019, the trial court entered an Order sustaining the Preliminary Objection to Paternal Grandmother's standing to file the Complaint, thereby rendering moot the remaining Preliminary Objections, and dismissing Paternal Grandmother's Complaint.

On January 9, 2020, Mother filed a timely Notice of Appeal and a Concise Statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On appeal, Mother raises one issue:

> [Whether] [t]he [trial] court erred as a matter of law in denying the disqualification of [Paternal Grandmother's] counsel and finding that the matters were not substantially related when [Paternal Grandmother's] counsel formerly represented [Mother] in criminal proceedings and [Paternal Grandmother] clearly refers to and relies upon [Mother's] criminal history in the instant custody [C]omplaint as a basis for an award of some form of custody to [Paternal Grandmother], his current client[?]

Mother's Brief at 10.

Initially, we must determine whether Mother's appeal is properly before us. Pennsylvania Rule of Appellate Procedure 501 states, in relevant part, that "any party who is aggrieved by an appealable order … may appeal therefrom." Pa.R.A.P. 501.

> A party is aggrieved by a ruling when that party has been adversely affected by the decision from which the appeal is taken. A prevailing party is not "aggrieved" and therefore, does not have standing to appeal an order that has been entered in his or her favor.

Epstein v. Saul Ewing, LLP, 7 A.3d 303, 314 (Pa. Super. 2010) (some quotation marks omitted).

Here, the trial court granted Mother's Preliminary Objections, and dismissed the Complaint filed against her. Therefore, Mother is not an aggrieved party, and we are constrained to dismiss Mother's appeal. See Pa.R.A.P. 501; Epstein, supra.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2020